UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LANDMARK HEALTH SOLUTIONS, LLC, | : | | |
| | : | | |
| Plaintiff and Counter-Defendant, | : | Civil Action No.: | 11-456 (RC) |
| | : | | |
| v. | : | Re Document No.: | 32 |
| | : | | |
| NOT FOR PROFIT HOSPITAL CORPORATION, *et al.*, | : | | |
| | : | | |
| Defendant and Counter-Claimant. | : | | |

## MEMORANDUM OPINION AND ORDER

### DENYING DEFENDANT'S MOTION TO DISMISS SUPPLEMENTAL COMPLAINT

The factual background of this case is set forth in an earlier Memorandum Opinion ("Mem. Op."), ECF No. 27. In that opinion, this Court found that it did not have subject matter jurisdiction over this case due to Plaintiff's failure to obtain a certificate of registration from the D.C. Department of Consumer and Regulatory Affairs ("DCRA") before filing its initial complaint, as required by the District of Columbia's door-closing statute, D.C. Code § 29-105.02. *See* Mem. Op. 5–9. However, the Court granted Plaintiff leave to file a supplemental complaint within 30 days to properly allege jurisdiction. *See id.* at 6–7. Plaintiff then filed a supplemental complaint that contained the updated allegations, including a statement that it had registered its trade name and status as a foreign corporation with the DCRA. *See* Am. Compl. ¶ 3, ECF No. 28. Defendant then moved to dismiss the supplemental complaint on the grounds that Federal Rule of Civil Procedure 15(d) does not permit a plaintiff to cure a jurisdictional defect arising under D.C. Code § 29-105.02 with a supplemental pleading. *See* Def.'s Mem. P. & A. Supp. Mot. Dismiss Suppl. Compl., ECF No. 32-1.

Defendant notes that the Court did not cite any precedent from the D.C. Circuit addressing the circumstances under which a Rule 15(d) supplemental pleading can cure a subject matter jurisdiction deficiency. While that is true, the case that this Court did cite itself referenced a Supreme Court case on point. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (citing *Mathews v. Diaz*, 426 U.S. 67, 75 (1976)). In *Mathews*, the Supreme Court held that satisfaction of a jurisdictional condition and the filing of a supplemental complaint during the pendency of litigation may cure a jurisdictional defect. *See Mathews v. Diaz*, 426 U.S. 67, 75 (1976).

Defendant points to *Central Pines Land Co. v. United States*, 697 F.3d 1360 (Fed. Cir. 2012), as articulating a distinction between statutory requirements that are merely a "prerequisite to filing" and those which contain an "express prohibition against filing suit," *id.* at 1365–66. Defendant argues that the door-closing statute falls into the latter category, and thus suggests that the Court erred in allowing Plaintiff to file a supplemental complaint. But the door-closing statute falls into the former category for reasons discussed in the Court's original opinion. *See* Mem. Op. at 6–7 (citing *York & York Const. Co. v. Alexander*, 296 A.2d 710, 713–14 (D.C. 1972)). As the D.C. Court of Appeals itself has held, the requirements of corporate registration are not intended to "deprive a[n unregistered] corporation of access to the courts, but only to force the corporations to pay whatever fees, taxes, or other financial obligations are owing to the body politic." *York & York Const. Co. v. Alexander*, 296 A.2d 710, 714 (D.C. 1972). The court's analysis of the purpose behind D.C.'s corporate registration requirements sits in stark contrast to the issue in *Central Pines Land Co.*, relied upon by Defendant, in which the Federal Circuit found that 28 U.S.C. § 1500 bars the Court of Federal Claims from retroactively obtaining jurisdiction over a claim also filed in a district court after the co-pending district court

action is final. *See Central Pines Land Co.*, 697 F.3d at 1367. Landmark is now registered with the DCRA; it has paid its dues to the sovereign, as is the District's goal. It has filed a supplemental complaint that properly alleges this Court's jurisdiction. That is sufficient.

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss the supplemental complaint for lack of subject matter jurisdiction is **DENIED**.

It is **FURTHER ORDERED** that a status conference is set for **March 24, 2014, at 10:00 a.m.** in Courtroom 14. On or before **March 17, 2014**, the parties shall file a joint status report that (1) contains a proposed schedule to govern further proceedings, and (2) sets forth the parties' understanding as to what, if any,[1] issues raised in Defendant's motion to dismiss or for summary judgment (ECF No. 14) remain unresolved after the Court's memoranda and orders issued in this case (ECF Nos. 26–27, 34).

**SO ORDERED.**

Dated: February 24, 2014                                            RUDOLPH CONTRERAS
                                                                                                 United States District Judge

---

[1] Defendant asserts that it "has not abandoned its pending motion for summary judgment." *See* Def.'s Mot. Dismiss Suppl. Compl. 1 n.2, ECF No. 32.